**General Civil and Domestic Relations Case Filing Information Form**

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**

THOMAS WILSON

**MAR 25, 2021 08:35 AM**

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

☑ **Superior** or ☐ **State Court of** __Butts__   **County**

| For Clerk Use Only |
|---|
| **Date Filed** 03-25-2021      **Case Number** 2021-SU-V-0114 |
| **MM-DD-YYYY** |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Prado, Dori | Lipin, Roman |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| | SDM Transport, Inc. |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| | Prime Property & Casualty Insurance Inc. |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |

**Plaintiff's Attorney** Hawk, Jon R Sr     **Bar Number** 338645     **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**     **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____     **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**
THOMAS WILSON
MAR 25, 2021 08:35 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

**THE SUPERIOR COURT OF BUTTS COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| DORI PRADO, | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION FILE |
| | ) | NUMBER: _____ |
| **vs.** | ) | |
| | ) | <u>**JURY TRIAL DEMANDED**</u> |
| **ROMAN LIPIN, SDM TRANSPORT, INC.** | ) | |
| **AND PRIME PROPERTY &** | ) | |
| **CASUALTY INSURANCE INC.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES</u>

COMES NOW Dori Prado, plaintiff, and makes and files this complaint against the defendants ROMAN LIPIN, SDM TRANSPORT, INC. and PRIME PROPERTY & CASUALTY INSURANCE, INC. as follows:

## <u>PARTIES AND JURISDICTION</u>

1.

Plaintiff DORI PRADO is a citizen of the state of Florida and by the filing of this lawsuit submits herself to the jurisdiction of this court.

2.

Defendant ROMAN LIPIN resides at 1646 River St. Des Plaines, IL 60016-8442, and may be served with a copy of the summons and complaint at this address or wherever he may be found.

3.

SDM TRANSPORT, INC. is a foreign corporation existing under the laws of the state of Illinois with its principal place of business at 28835 N Herky Dr. Unite 204 Lake

1

Bluff, IL 60044, and may be served through its designated process agent Renee Lamback 7980 Errol Drive, Lithonia, Georgia 30058, and is subject to the jurisdiction of this court.

4.

PRIME PROPERTY & CASUALTY INSURANCE, INC. ("Prime Insurance") is a foreign corporation existing under the laws of the state of Utah with its principal place of business at 8722 S. Harrison St. Sandy, UT 84070-1420, and may be served through its agent for service of process at that address. Prime Insurance is subject to the jurisdiction of this court.

5.

Jurisdiction and venue are proper in this court against all the defendants.

## BACKGROUND

6.

On or about August 27, 2020, plaintiff was driving a vehicle south on Winifred Road approaching the intersection of Winifred Road and Hickory Grove Road.

7.

At about the same time, defendant ROMAN LIPIN was driving a 2017 Kenworth T800 truck east on Hickory Grove Road at or near the intersection with Winfred Road.

8.

On this date, defendant ROMAN LIPIN was operating the truck on behalf of defendant SDM TRANSPORT, INC.

9.

The defendant ROMAN LIPIN failed to yield at the intersection and his truck collided with the plaintiff's vehicle.

10.

As a result of the collision, plaintiff suffered severe and permanent injuries.

## COUNT 1
## NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs above as if fully restated.

12.

Defendant ROMAN LIPIN was negligent in the following manner:

(a) failing to yield the right of way;

(b) failing to obey traffic sign or light; and

(c) failing to yield the right of way when entering an intersection.

All allegations and causes of action above are incorporated into this cause of action by reference.

13.

Defendant ROMAN LIPIN violated numerous state and federal statutes and regulations, including 49 C.F.R. §§350 to 399, specifically including, but not limited to, 49 C.F.R. §392.3 and 395.8:

a. Failing to have required knowledge of vehicle operation in violation of 49 C.F.R. §383.111;

b. Failing to have required skills in vehicle operation in violation of 49 C.F.R. §383.113;

c. Failing to have knowledge and compliance with the regulations in violation of 49 C.F.R. §390.3;

d. Failing to operate his vehicle and equipment in violation of 49 C.F.R. §392.2; and

e. Failing to operate his vehicle while fatigued in violation of 49 C.F.R. §392.3;

14.

The violations in the preceding paragraphs consititute negligence per se.

15.

Defendant ROMAN LIPIN was negligent in failing to maintain a proper lookout for plaintiff's vehicle and colliding with plaintiff's vehicle.

16.

Defendant ROMAN LIPIN's negligence is the sole and proximate cause of the collision, and plaintiff's resulting injuries.

## COUNT 2
## IMPUTED LIABILITY

17.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs above as if fully restated.

18.

At the time of the subject collision, defendant ROMAN LIPIN was under dispatch for defendant SDM TRANSPORT, INC.

19.

At the time of the subject collision, defendant ROMAN LIPIN was operating his vehicle on behalf of defendant SDM TRANSPORT, INC..

20.

Defendant SDM TRANSPORT, INC. is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of defendant ROMAN LIPIN in regard to the collision described in this complaint under the doctrine of lease liability, agency or apparent agency.

## COUNT 3
## NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs above as if fully restated.

22.

Defendant SDM TRANSPORT, INC. was negligent in hiring defendant ROMAN LIPIN and entrusting him to drive a commercial vehicle.

23.

Defendant SDM TRANSPORT, INC. was negligent in failing to properly train defendant ROMAN LIPIN.

24.

Defendant SDM TRANSPORT, INC. was negligent in failing to properly supervise defendant ROMAN LIPIN.

25.

Defendant SDM TRANSPORT, INC.'s negligence in hiring defendant ROMAN LIPIN and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and plaintiff's resulting injuries.

## COUNT 4
## DIRECT ACTION

26.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs above as if fully restated.

27.

Defendant PRIME INSURANCE is subject to a direct action as the insurer for defendant SDM TRANSPORT, INC. pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

28.

Defendant PRIME INSURANCE was the insurer of defendant SDM TRANSPORT, INC. at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

29.

Defendant PRIME PROPERTY & CASUALTY INSURANCE, INC. and defendant SDM TRANSPORT, INC. are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

30.

Defendant PRIME PROPERTY & CASUALTY INSURANCE, INC. is responsible for any judgment rendered against defendant SDM TRANSPORT, INC. and defendant ROMAN LIPIN up to its policy limits of coverage.

## COUNT 5
## DAMAGES

31.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs above as if fully restated.

32.

As a result of defendants' negligence, plaintiff suffered severe permanent injuries.

33.

As a result of defendants' negligence, plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

34.

As a result of defendants' negligence, plaintiff has been unable to work and has a claim for past and future lost wages.

35.

Defendants' negligence is the sole and proximate cause of plaintiff's injuries.

## COUNT 6
## PUNITIVE DAMAGES

36.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs above as if fully restated.

37.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles plaintiff to an award of punitive damages.

## COUNT 7
## ATTORNEY FEES

38.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs as if fully restated.

39.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense thus, Plaintiff is entitled to an award of attorney's fees and expenses of litigation against the defendants pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, plaintiff prays that she has a trial by jury on all issues and judgment against defendants as follows:

a.     That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.     That plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.     That plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d.     That plaintiff recover her reasonable attorney's fees and expenses; and

e.     That plaintiff recover such other and further relief as is just and proper.

This 24th day of March 2021.

/s/Jon R. Hawk, Sr.
Georgia Bar No. 338645
Attorney for Plaintiff

Morgan & Morgan, Atlanta PLLC
230 Northside Crossing
Macon, Georgia 31210
P: 478-583-6304
F: 478-583-6327
E: jhawk@forthepeople.com

# SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**

THOMAS WILSON
APR 06, 2021 11:34 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

CIVIL ACTION NUMBER  2021-SU-V-0114

PRADO, DORI

_____

**PLAINTIFF**

**VS.**

LIPIN, ROMAN
SDM TRANSPORT, INC.,
PRIME PROPERTY & CASUALTY
INSURANCE INC.,

_____

**DEFENDANTS**

**SUMMONS**

TO: ARCH INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jon R Hawk, Sr.**
> **Morgan & Morgan**
> **230 Northside Crossing**
> **Macon, Georgia 31210**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 6th day of April, 2021.**

Clerk of Superior Court

_____
*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

Page 1 of 1

# SUPERIOR COURT OF BUTTS COUNTY
# STATE OF GEORGIA

✦ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**

THOMAS WILSON
MAR 25, 2021 08:35 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

CIVIL ACTION NUMBER   2021-SU-V-0114

Prado, Dori

_____

**PLAINTIFF**

                                        **VS.**

Lipin, Roman
SDM Transport, Inc., DBA c/o Renee
Lamback
Prime Property & Casualty Insurance Inc.

_____

**DEFENDANTS**

**SUMMONS**

TO: PRIME PROPERTY & CASUALTY INSURANCE INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jon R Hawk, Sr.**
> **Morgan & Morgan**
> **230 Northside Crossing**
> **Macon, Georgia 31210**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of March, 2021.**

                    Clerk of Superior Court

                    *Morgan V. Ward*
                    Morgan V. Ward, Clerk
                    Butts County, Georgia

Page 1 of 1

# SUPERIOR COURT OF BUTTS COUNTY
# STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**
THOMAS WILSON
MAR 25, 2021 08:35 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

CIVIL ACTION NUMBER   2021-SU-V-0114

Prado, Dori

_____

**PLAINTIFF**

                                        **VS.**

Lipin, Roman
SDM Transport, Inc., DBA c/o Renee
Lamback
Prime Property & Casualty Insurance Inc.

_____

**DEFENDANTS**

## SUMMONS

TO: LIPIN, ROMAN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jon R Hawk, Sr.**
> **Morgan & Morgan**
> **230 Northside Crossing**
> **Macon, Georgia 31210**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of March, 2021.**

                                        Clerk of Superior Court


                                        *Morgan V. Ward*
                                        Morgan V. Ward, Clerk
                                        Butts County, Georgia

# SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

☗ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**
THOMAS WILSON
MAR 25, 2021 08:35 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

CIVIL ACTION NUMBER  2021-SU-V-0114

Prado, Dori
_____

**PLAINTIFF**

                                              **VS.**

Lipin, Roman
SDM Transport, Inc., DBA c/o Renee
Lamback
Prime Property & Casualty Insurance Inc.
_____

**DEFENDANTS**

**SUMMONS**

TO: SDM TRANSPORT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Jon R Hawk, Sr.**
**Morgan & Morgan**
**230 Northside Crossing**
**Macon, Georgia 31210**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of March, 2021.**

Clerk of Superior Court


_____
*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**
THOMAS WILSON
MAR 25, 2021 08:35 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

**THE SUPERIOR COURT OF BUTTS COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| DORI PRADO, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | **NUMBER: _____** |
| **vs.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| ROMAN LIPIN, SDM TRANSPORT, INC. | ) | |
| INC., AND PRIME PROPERTY & | ) | |
| CASUALTY INSURANCE INC. | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ROMAN LIPIN

TO:   Defendant Roman Lipin.

Plaintiff, pursuant to O.C.G.A. §9-11-36, submits herewith to the defendant for response within 45 days after service hereof, in the form provided by law, the following requests for admission.

1.

Please admit that you have been properly served with the summons and complaint as required by law.

2.

Please admit that this court has personal jurisdiction over you.

3.

Please admit that this court has subject-matter jurisdiction in this case.

4.

Please admit that venue is proper in this court.

5.

Please admit that the defendant does not have any defense based on insufficiency of process or insufficiency of service of process.

1

This 24th day of March 2021.

/s/Jon R. Hawk, Sr.
Jon R. Hawk, Sr.
Georgia Bar No. 338645
Attorney for Plaintiff

Morgan & Morgan, Atlanta, PLLC
230 Northside Crossing
Macon, Georgia 31210
P: 478-583-6304
F: 478-583-6327
E: jhawk@forthepeople.com

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**
THOMAS WILSON
MAR 25, 2021 08:35 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

**THE SUPERIOR COURT OF BUTTS COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| **DORI PRADO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | **NUMBER: _____** |
| **vs.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **ROMAN LIPIN, SDM TRANSPORT, INC.** | ) | |
| **AND PRIME PROPERTY & CASUALTY** | ) | |
| **INSURANCE INC.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## REQUESTS FOR ADMISSIONS TO DEFENDANT PRIME PROPERTY & CASUALTYINSURANCE INC.

TO:    Defendant Prime Property & Casualty Insurance, Inc.


Plaintiff, pursuant to O.C.G.A. §9-11-36, submits herewith to the defendant for response within 45 days after service hereof, in the form provided by law, the following requests for admission.

1.

Defendant Roman Lipin is a proper party to this lawsuit.

2.

Defendant Roman Lipin is properly named in this lawsuit.

3.

Service was proper on Defendant Prime Property & Casualty Insurance, Inc. in this case.

4.

Please admit Prime Property & Casualty Insurance, Inc. is subject to the jurisdiction of this Court.

5.

Please admit the defendant Prime Property & Casualty Insurance, Inc. issued a policy of liability insurance to SDM Transport, Inc. covering the loss at issue in this litigation.

6.

Please admit the defendant SDM Transport, Inc. is a motor carrier for hire.

7.

Please admit that SDM Transport, Inc. engaged in interstate transportation during the 12-month period prior to the date of the collision that is the subject of this litigation.

8.

Please admit that the defendant Prime Property & Casualty Insurance, Inc. is liable for any verdict or judgment against SDM Transport, Inc. up to the policy limits of coverage.

This 24th day of March 2021.

*/s/Jon R. Hawk, Sr.*
Jon R. Hawk, Sr.
Georgia Bar No. 338645
Attorney for Plaintiff

Morgan & Morgan, Atlanta PLLC
230 Northside Crossing
Macon, Georgia 31210
P: 478-583-6304
F: 478-583-6327
E: jhawk@forthepeople.com

2

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**
THOMAS WILSON
MAR 25, 2021 08:35 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

**THE SUPERIOR COURT OF BUTTS COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| DORI PRADO, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NUMBER: _____ |
| vs. | ) | |
| | ) | <u>**JURY TRIAL DEMANDED**</u> |
| ROMAN LIPIN, SDM TRANSPORT, INC. | ) | |
| INC., AND  PRIME PROPERTY & | ) | |
| CASUALTY INSURANCE INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
TO DEFENDANT SDM TRANSPORT, INC.**</u>

TO:    Defendant SDM Transport, Inc.

Plaintiff, pursuant to O.C.G.A. §9-11-36, submits herewith to defendant for response within 45 days after service hereof, in the form provided by law, the following requests for admission.

1.

Please admit that Roman Lipin was an employee or agent of SDM Transport, Inc. at the time of the incident described in the complaint.

2.

Please admit that Roman Lipin was acting within the scope of his/her employment and/or agency with SDM Transport, Inc. at the time of the incident described in the complaint.

3.

Please admit that SDM Transport, Inc. is responsible for the actions of Roman Lipin at all times relevant to this litigation.

4.

Please admit that the defendant, SDM Transport, Inc. has been properly served with the summons and complaint as required by law.

5.

Please admit that this court has personal jurisdiction over SDM Transport, Inc.

6.

Please admit that this court has subject-matter jurisdiction in this case.

7.

Please admit that venue is proper in this court.

8.

Please admit that the defendant SDM Transport, Inc. does not have any defense based on insufficiency of process or insufficiency of service of process.

This 24th day of March 2021.

*/s/Jon R. Hawk, Sr.*
Jon R. Hawk, Sr.
Georgia Bar No. 338645
Attorney for Plaintiff

Morgan & Morgan, Atlanta PLLC
230 Northside Crossing
Macon, Georgia 31210
P: 478-583-6304
F: 478-583-6327
E: jhawk@forthepeople.com

2

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**
THOMAS WILSON
MAR 25, 2021 08:35 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

**THE SUPERIOR COURT OF BUTTS COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| DORI PRADO, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| ROMAN LIPIN, SDM TRANSPORT, INC. | ) |
| INC., AND  PRIME PROPERTY & | ) |
| CASUALTY INSURANCE INC. | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**CIVIL ACTION FILE
NUMBER: _____**

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT ROMAN LIPIN

COMES NOW, Plaintiff Dori Prado, by and through her counsel of record, and submits the following written Plaintiff's First Interrogatories to Defendant, Roman Lipin pursuant to the Georgia Civil Practice Act, for answer as provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or

handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required

the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5. "**You**," "**Your**," or "**Lipin**" means Defendant Roman Lipin

6. "**SDM Transport**" means Defendant SDM Transport, Inc. and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7. "**Prime Insurance**" means Defendant Prime Property & Casualty Insurance, Inc. and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8. "**Plaintiff**" means the Plaintiff herein, namely Dori Prado.

9. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "having a resemblance appearance or nature; alike though not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

11.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

12.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## <u>INTERROGATORIES</u>

### <u>Your Background Information</u>

1.

State your full name, date and place of birth, and social security number.

2.

Have you ever been known by any name(s) other than the one you identified in the preceding Interrogatory?  If so, identify each name and for each name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name, and explain why you changed names or went by more than one name.

3.

For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

4.

If you are currently married, identify your spouse, your spouse's employer and job position, and your date of marriage.

5.

If you have ever been divorced, for each divorce identify your former spouse's name and the date and jurisdiction of your divorce.

Identify everyone who resides in your home with you, giving names, ages, and relationships.

6.

Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

7.

Identify every person, who you are related to by blood or marriage, who resides in the jurisdiction where this case is pending.  For each person, identify his/or her employer, job position, age and how each is related to you.  This information is needed for jury selection purposes.

8.

Identify each school and/or vocational training programs you have attended starting with high school and provide the dates you attended and whether or not you graduated.

9.

State the names and addresses of each social, civic, fraternal, professional, occupational, labor and/or religious organizations in which you are a member or have

been a member during the last ten years, including in your response the inclusive dates of membership and any offices you have held therein.

10.

If you have ever served your country or community in any way, please explain your service and provide the dates when you served.

11.

For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past fifteen years, provide the following information: name of entity or person for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

12.

If you have won any awards, been given special recognitions, and/or there are any accomplishments and/or achievements you are particularly proud of, please explain them and provide the date and location for them.

13.

Identify each motor vehicle collision(s) that you have been involved in during the past 10 years and for each collision describe what happened, where the collision occurred, the names of the other individuals involved, who was at fault and whether there were any injuries.

14.

If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years, for each violation identify the charge, jurisdiction, date, and disposition.  This includes all traffic violations, licensing

violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

15.

If you have ever been convicted at any time of a felony, for each conviction identify the charge, jurisdiction, conviction date, and sentence/disposition.

16.

For every instance when your driving privileges have been suspended, revoked, canceled or otherwise restricted in any way, explain why, when and by whom.

17.

If you have ever been disqualified from driving a commercial motor vehicle, please describe when and under what circumstances you were disqualified.

18.

Have you had any medical condition in the past five years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, sleep motor skills, sensory abilities, etc.) and/or any prescriptions during the past five years whatsoever? If so, describe in detail each condition and/or prescription and identify who treated you for each such condition and/or who prescribed you each such drug.

19.

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)?  If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date and nature of the lawsuit.

20.

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your Commercial Driver's License (CDL) and training received since obtaining your CDL.

21.

If you were not completely honest in providing information to SDM Transport, Inc. in connection with your hiring, driver qualification, or otherwise, please explain what you were not fully honest about and why.

### YOU AND SDM TRANSPORT, INC.

22.

As to your work with SDM Transport, Inc., provide the following information:

(a)     What was your employment status on date of Subject Collision (employed company driver, leased driver, other);

(b)     Explain how you were paid (by hour, by load, by mile, salary or other);

(c)     Identify and explain all instances when you were disciplined, counseled, reprimanded, written up, or had any negative employment action taken against you; and

(d)     If you have been terminated, explain when and why you were terminated.

23.

Describe in detail <u>all</u> training and education (including on the job training) provided to you by or on behalf of SDM Transport, Inc. at any time and in any way related to the operation of a commercial motor vehicle.

24.

Identify your primary supervisor(s) and manager(s) at SDM Transport, Inc. at the time of the Subject Collision.

25.

For the time period starting 48 hours before the Subject Collision and ending 48 hours after the Subject Collision, identify and explain all communications of any kind (in person, on phone, text message, e-mail, Qualcomm, other) between you and anyone acting for or on behalf of SDM Transport, Inc., anyone acting for or on behalf of any insurance company, and/or anyone else for any purpose.

<u>**SUBJECT COLLISION**</u>

26.

Identify each person with whom you communicated in any way regarding the Subject Collision at any time and provide the details of when, why, where, and for what purpose these communications occurred.   Communications for which you assert a privilege should be identified on a privilege log.

27.

Identify all persons who to your knowledge were present at the scene of the Subject Collision within 48 hours of the time of the Subject Collision and explain their role at the scene of the Subject Collision and what actions they took.

28.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject

Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

29.

Have you prepared and/or given any statement or account of what happened in the Subject Collision to anyone?  If so, identify all such statements and accounts by explaining when, where, in what form, and to whom the statement or account was given. If you claim privilege, please provide a privilege log.

30.

If you maintain that Plaintiff has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, describe in detail the basis for her responsibility and identify all person(s) who have any knowledge regarding this issue.

31.

If you maintain that any person or entity other than you has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify each such person and/or entity, describe in detail the basis for their responsibility and identify all person(s) and documents that support your contentions.

32.

Were you given any drug and/or alcohol tests (blood, urine or otherwise) after the Subject Collision occurred?  If so, please state the time at which the test was

administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

33.

Please describe all judicial or administrative hearings or proceedings (including workers' compensation and criminal) concerning the Subject Collision, giving the date, place and nature of the hearing or proceeding, and the names, addresses and telephone numbers of each person present, and the name, address and telephone number of any person who transcribed or recorded the hearing or who presently has a transcript, recording or summary of it.

34.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

35.

List any factual errors you contend are contained in the police report of the Subject Collision.  For each such alleged error, state the facts upon which you rely to support your contention and identify any persons and documents that support your contention.

36.

Do you accept responsibility for causing the Subject Collision?

37.

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or

other prescription and/or over-the-counter drug or medicine (whether legal or not) during the 72-hour period <u>immediately before</u> the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

<u>**MISCELLANEOUS**</u>

38.

With respect to the trip that you were on at the time of the Subject Collision, provide the following information:

(a)    Identify where and when (date and time) you picked up the load you had at the time of the Subject Collision;

(b)    Identify where (name and address of location) and when (date and time) the load was to be delivered;

(c)    Identify the location, time, duration and reason for each stop you made from the time you picked up the load until the time of the Subject Collision; and

(d)    Identify the route you intended to follow from the point of origin to the point of destination.

39.

Explain in detail where you were and what you were doing during the 72 hours <u>immediately prior to</u> and the 48 hours <u>immediately following</u> the Subject Collision.  This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty.   Identify all documents that evidence your

response and all people who can substantiate your response.

40.

With respect to your Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a)     Identify all errors on your logs of which you are aware;

(b)     Identify all HOS violations of which you are aware;

(c)     Are you aware of any audit of your HOS for the 8 days leading up to the collision?

41.

For each communication device (cell phone, text message device, e-mail device, etc.) that was in the tractor you were operating on the day of the Subject Collision, explain whether or not it was in use at any time in the hour preceding the Subject Collision and identify the service provider, account number, phone number and owner.

42.

Identify each person you expect to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regard to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

<u>INSURANCE</u>

43.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for

damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**Served with Plaintiff's Complaint.**

This 24th day of March 2021.

*/s/Jon R. Hawk, Sr.*
Jon R. Hawk, Sr.
Georgia Bar No. 338645
Attorney for Plaintiff

Morgan & Morgan, Atlanta PLLC
230 Northside Crossing
Macon, Georgia 31210
P: 478-583-6304
F: 478-583-6327
E: jhawk@forthepeople.com

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**
THOMAS WILSON
MAR 25, 2021 08:35 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

**THE SUPERIOR COURT OF BUTTS COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| DORI PRADO, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NUMBER: _____ |
| vs. | ) | |
| | ) | <u>JURY TRIAL DEMANDED</u> |
| ROMAN LIPIN, SDM TRANSPORT, INC. | ) | |
| INC., AND PRIME PROPERTY & | ) | |
| CASUALTY INSURANCE INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**<u>PLAINTIFF'S FIRST INTERROGATORIES TO
DEFENDANT SDM TRANSPORT, INC.</u>**

COMES NOW, Plaintiff Dori Prado, by and through her counsel of record, and submits the following written Interrogatories to Defendant SDM Transport, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or

handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a)   "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)   "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required

the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5. "**You**," "**Your**," or "SDM Transport**"** means Defendant SDM Transport Inc. and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6. "**PRIME INSURANCE**" means Defendant Prime Property & Casualty Insurance, Inc. and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7. "**Plaintiff**" means the Plaintiff herein, namely Dori Prado.

8. "**Lipin**" means Defendant .

9. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

11.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

12.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### SDM TRANSPORT COMPANY INFORMATION

1.

If you contend that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

2.

Identify the following people:

(a)    The Safety Director/Chief Safety Officer for SDM Transport Company on the date of the Subject Collision and now;

(b)    The person(s) primarily responsible for compliance with state and federal safety regulations at SDM Transport on the date of the Subject Collision and now;

(c)    The person(s) responsible for training Roman Lipin; and

(d)     Roman Lipin's supervisor and manager on the date of the Subject Collision.

3.

For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of SDM Transport's driver's actions in the past three years, provide the style of the case (or name of parties, jurisdiction and case number), and describe briefly the circumstances of each suit/claim and the disposition.

4.

Identify and explain each communication of any kind between any federal and/or state agency and SDM Transport that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years.  This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

### VEHICLE INFORMATION

5.

With respect to the <u>tractor</u> operated by Roman Lipin at the time of the Subject Collision, provide the following information:

(a)     Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Collision and presently.

(b)     Provide the mileage and gross weight at the time of the Subject Collision;

(c)     For the engine, identify the manufacturer, year, model and identification number;

(d)     Identify all systems and devices in/on the tractor that have the capability of recording and or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(e)     Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(f)     Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system; any driver safety monitoring or hours of service monitoring system; any transponders or tachographs; any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(g)    Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

6.

With respect to the <u>trailer</u> operated by Roman Lipin at the time of the Subject Collision, provide the following information:

(a)    Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Collision and presently.

(b)    Provide the mileage and gross weight at the time of the Subject Collision;

(c)    Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation of the trailer (including without limitation ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(d)    Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs;  any bar code systems; and any other tracking system, logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(e)    Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

**T****RIP AND** **H****OURS OF** **S****ERVICE** **I****NFORMATION**

7.

With respect to the trip that Roman Lipin was on at the time of the Subject Collision, provide the following information:

(a)     Identify all shippers and brokers involved;

(b)     Explain where and when (date and time) Roman Lipin picked up the load he had at the time of the Subject Collision;

(c)     Identify where (name and address of location) and when (date and time) the load was to be delivered;

(d)     Identify the location, time, duration and reason for each stop Roman Lipin made from the time he picked up the load until the time of the Subject Collision; and

(e)     Identify the route Roman Lipin intended to follow from the point of origin to the point of destination.

8.

With respect to Roman Lipin's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a) Identify all errors on Roman Lipin's logs of which you are aware;

(b) Identify all HOS violations of which you are aware;

(c)     Explain what you have done, if anything, to audit or verify the accuracy of Roman Lipin's logs and identify all persons involved in the process; and,

(d)     Identify all documents and data of any kind that you used to audit or verify the accuracy of Roman Lipin's logs.

9.

For the 72 hours leading up to the Subject Collision, provide the following

information regarding Roman Lipin:

(a) Identify all driving hours;

(b) Identify all on-duty not driving hours (location and activities);

(c) Identify all stops (time and location) and the reason for them;

(d) Identify when and where meals were eaten;

(e) Identify when and where Roman Lipin slept; and

 (f) Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

10.

If SDM Transport performs hours of service log audits on drivers,

(a) Explain what is entailed in the auditing process;

(b) Identify all documents and data used in the process;

(c) Identify who performs the audits (in-house or outsourced);

(d) Identify when, if ever, Roman Lipin's logs were audited; and

(e) Identify all Hours of Service violations of which you are aware for Roman Lipin while he was working with your company.

**DRIVER INFORMATION**

11.

With Respect to Roman Lipin, provide the following information:

(a) Explain the relationship between SDM Transport and Roman Lipin at the time of the Subject Collision (e.g., leased driver, company driver, etc.);

(b) Explain how Roman Lipin was paid for driving (by hour, by load, by mile, salary or other);

(c)     Explain all steps SDM Transport undertook to qualify Roman Lipin in accord with the Federal Motor Carrier Safety Regulations; and

(d)     Identify when SDM Transport's relationship with Roman Lipin began and ended.

12.

Was Roman Lipin acting within the course and scope of his employment or agency at the time of the Subject Collision?  If not, explain the basis for your contention and identify documents and witnesses that support your contention.

13.

Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by SDM Transport regarding Roman Lipin at any time.

14.

Describe in detail <u>all</u> training and education (including on the job training) provided by or on behalf of SDM Transport to Roman Lipin at any time and in any way related to the operation of a commercial motor vehicle.

15.

Identify all traffic violations committed by Roman Lipin, while in your employ or in previous employment.

16.

If Roman Lipin has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

17.

Did Roman Lipin have any health issues that affected or could have affected his ability to drive in any way in the 72 hours leading up to the Subject Incident?  If so, explain.

18.

For each motor vehicle collision/accident involving Roman Lipin, of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

19.

If Roman Lipin had ever been disqualified or suspended from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

20.

Identify and explain all communications of any kind between Roman Lipin and anyone acting for or on behalf of SDM Transport during the twenty-four (24) hours before and after the Subject Collision.  For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

## REGULATIONS AND POLICIES

21.

If you maintain that the Federal Motor Carrier Safety Regulations did not apply to Roman Lipin at the time of the Subject Collision, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

22.

Identify all SDM Transport policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions concerning safe driving and/or defensive driving that were made available or provided by SDM Transport to Roman Lipin during his employment with SDM Transport.

### INVESTIGATION OF SUBJECT COLLISION

23.

Describe in detail when and how you first became aware that Roman Lipin was involved in the Subject Collision.   Please include the identification of all persons involved and what information was conveyed.

24.

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

25.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom SDM Transport believes may have relevant testimony of any kind in connection with this case.

26.

Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with this case.   For each person

identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

27.

Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on Roman Lipin after the Subject Collision occurred.  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

28.

As to any tests, inspections, measurements mapping, photography, videography, and/or investigations performed by or on behalf of SDM Transport, or of which you are at all aware regarding in any way the Subject Collision and/or any other matter raised in this case, identify all person(s) who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

29.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

30.

If you maintain that Plaintiff or any non-party has any responsibility of any kind for

causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify each such person and or entity, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

31.

If SDM Transport has performed any review (e.g., accident review board, preventability determination) of the Subject Collision to determine preventability and/or fault, identify all persons involved in the review, all documents referencing the procedures to be followed for such a review, the dates of the review, documents generated by the review, and the conclusions that were reached.

### INSURANCE

32.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

33.

If anyone working for or on behalf of SDM Transport has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

### EXPERTS

34.

Identify each person SDM Transport expects to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

**Served with Plaintiff's Complaint**.


This 24th day of March 2021.

                                                    **/s/Jon R. Hawk, Sr.**
                                                     Jon R. Hawk, Sr.
                                                    Georgia Bar No. 338645
                                                    Attorney for Plaintiff

Morgan & Morgan, Atlanta, PLLC
230 Northside Crossing
Macon, Georgia 31210
P: 478-583-6304
F: 478-583-6327
E: jhawk@forthepeople.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**

THOMAS WILSON
MAR 25, 2021 08:35 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

**THE SUPERIOR COURT OF BUTTS COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| DORI PRADO, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | **NUMBER: _____** |
| **vs.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| ROMAN LIPIN, SDM TRANSPORT, INC. | ) | |
| INC., AND PRIME PROPERTY & | ) | |
| CASUALTY INSURANCE INC. | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT ROMAN LIPIN**

COMES NOW, Plaintiff Dori Prado, by and through her counsel of record, and submits the following First Request for Production of Documents to Defendant Roman Lipin, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or

handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required

the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.    "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5.    "**You**," "**Your**," "**Lipin**" means Defendant Roman Lipin.

6.    "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".   If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

7.    The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.   The term "**and/or**" shall be construed likewise.

8.    Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

9.    With regard to any term used herein that is deemed by the responding party as

being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   A copy of each document relied upon by you in any way in responding to Plaintiff's First Interrogatories to Roman Lipin.

**REQUEST NO. 2:**   Each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision including any excess or umbrella policies covering you on the date of the Subject Collision.

**REQUEST NO. 3:**   All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

### YOUR INFORMATION

**REQUEST NO. 4:**   All documents setting forth the relationship between you and SDM Transport.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, recruiting documents, termination letters, intent to hire/promise of employment, job descriptions, company hiring and retention guidelines, requirements, standards, memorandum and the like.

**REQUEST NO. 5:**   All documents that relate to your qualifications to operate a commercial motor vehicle.

**REQUEST NO. 6:**   All documents that relate to work you have done for any trucking company in the past seven years.  This includes any documents you prepared

for any trucking company and any documents you ever received from any trucking company.

**REQUEST NO. 7:**  All medical certificates issued to you for the past seven years.

**REQUEST NO. 8:**  All blood and/or urine drug/alcohol test results for the past seven years.

**REQUEST NO. 9:**  All data and materials you have ever obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 10:** All documents that relate in any way to your orientation at SDM Transport.

**REQUEST NO. 11:** All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 12:** The front and back of every driver's license issued to you (regardless of name used).

**REQUEST NO. 13:** All documents giving notice to SDM Transport of any violation of any law, ordinance or regulation.

**REQUEST NO. 14:** All citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

**REQUEST NO. 15:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of SDM Transport directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 16:** All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years.

**REQUEST NO. 17:** For each communication device (e.g., cell phones, tablets, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision.  This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 18:** All MVR records regarding you.

**REQUEST NO. 19:** All DAC report regarding you.

**REQUEST NO. 20:** Copies of each personnel file and employment-related file in your possession.

**REQUEST NO. 21:** All medical treatment records related to injuries sustained by you in during the Subject Collision.

**REQUEST NO. 22:** All correspondence and other communications of any kind between you and any third-party relating to the Subject Collision.

**REQUEST NO. 23:** All correspondence and other communications of any kind between you and any other Defendant in this case.

<u>HOURS OF SERVICE RELATED DOCUMENTS</u>

**REQUEST NO. 24:** All hours of service logs and other time logs for the period beginning 8 days before the Subject Collision and ending 8 days following the Subject Collision.

**REQUEST NO. 25:** In addition to the documents responsive to the preceding Request, produce all documents showing where you were and what you were doing during the period beginning 8 days before the Subject Collision and ending 2 days following the Subject Collision.

**REQUEST NO. 26:** For the period beginning 8 days prior to the Subject Collision and ending 2 days after the Subject Collision produce all of the following documents:

a.   bills of lading, pick-up and delivery records, manifests;

b.   dispatch/radio records;

c.   fax transmissions;

d.   gate record receipts and yard receipts;

e.   port of entry receipts;

f.   pre-rate records;

g.   wrecker or tow truck records;

h.   trip summaries;

i.   credit card receipts;

j.   toll tickets/receipts;

k.   fuel receipts;

l.   weight/scale tickets;

m.   state entry and departure records;

n.   expense sheets;

o.   interchange and inspection reports;

p.   driver and vehicle examination reports;

q.   manifests and waybills;

r.      rental contracts involving the vehicle;

s.      seal records for the trailer(s);

t.      crash reports;

u.      traffic citations;

v.      overweight/oversize permits;

w.      lodging receipts;

x.      repair/maintenance receipts;

### VEHICLE INFORMATION

**REQUEST NO. 27:** All out of service orders for the vehicle in question.

**REQUEST NO. 28:** All documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 29:** For the tractor and trailer involved in the Subject Collision, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the Subject Collision and ending one week after the Subject Collision.

### LOAD

**REQUEST NO. 30:** All documents that relate, refer and/or discuss in any way the load you hauled at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## SUBJECT COLLISION

**REQUEST NO. 31:**  Copies of all documents in your possession, custody and/or control relating in any way to the Subject Collision.

**REQUEST NO. 32:**  All documents sent by you to any person or entity (other than your attorney(s)), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 33:**  All documents related to any investigation done by or on behalf of SDM Transport of the scene of the Subject Collision.

**REQUEST NO. 34:**  All documents assessing causes, preventability and/or avoidability of the Subject Collision.

**REQUEST NO. 35:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, electronically created charts, animations, data, photographs, video, computer simulations and any other documents depicting:

  a.  Any vehicle involved in the Subject Collision;

  b.  Any person involved in the Subject Collision;

  c.  The scene of the Subject Collision; and/or

  d.  Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 36:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 37:**  A copy of all correspondence and other communications

(including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 38:** All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

**REQUEST NO. 39:** A copy of your cell phone records for the period beginning 48 hours before the Subject Collision and ending 24 hours after the Subject Collision including any and all records and bills reflecting usage, call time, caller identification, incoming/outgoing, data usage, text messaging data, recipient identification, etc.  If you do not have these documents in your possession, you are requested to login into your account and preserve these records and/or contact your cellular provider and obtain a copy of these records as these records are within your control.

## GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 40:** All documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three years.

## POLICIES AND PROCEDURES

**REQUEST NO. 41:** All handbooks, manuals, policies, procedures, rules, guidelines, directives, and instructions ever given to you by SDM Transport that concern driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques.

<u>**EXPERTS**</u>

**REQUEST NO. 42:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

a.    A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

b.    A copy of all documents (as that term is defined above) and items of any kind generated or produced <u>by</u> said expert;

c.    A copy of the entire file of said expert;

d.    A current résumé or curriculum vitae for said expert; and

e.    All billing records and work logs for said expert.


**Served with Plaintiff's Complaint**.


This 24th day of March 2021.



                                                  */s/Jon R. Hawk, Sr.*
                                                  Jon R. Hawk, Sr.
                                                  Georgia Bar No. 338645
                                                  Attorney for Plaintiff



Morgan & Morgan, Atlanta PLLC
230 Northside Crossing
Macon, Georgia 31210
P: 478-583-6304
F: 478-583-6327
E: <u>jhawk@forthepeople.com</u>

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**
THOMAS WILSON
**MAR 25, 2021 08:35 AM**

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

**THE SUPERIOR COURT OF BUTTS COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| DORI PRADO, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | **NUMBER: _____** |
| **vs.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| ROMAN LIPIN, SDM TRANSPORT, INC. | ) | |
| INC., AND  PRIME PROPERTY & | ) | |
| CASUALTY INSURANCE INC. | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SDM TRANSPORT, INC.**

COMES NOW, Plaintiff Dori Prado, by and through her counsel of record, and submits the following Request for Production of Documents to Defendant SDM Transport , pursuant to the Georgia Civil Practice Act, for answer as provided by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or

handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.　　　　(a)　　"**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)　　"**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested

or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  "**collision**" means the collision described in the Complaint.

5.  "**You**," "**Your**," or **"SDM TRANSPORT"** means  Defendant SDM Transport Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6.  "**LIPIN**" means Defendant Roman Lipin.

7.  **"PRIME INSURANCE"** means Defendant Prime Property & Casualty Insurance Inc. and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8.  "**Plaintiff**" means the Plaintiff herein, namely Doris Prado.

9.  "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10.  The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

11.  Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

12.  With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**  A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to SDM Transport

**REQUEST NO. 2:**  A copy of each document retention policy in effect for SDM Transport  at any time between the time of the collision and present.

**REQUEST NO. 3:**  A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the collision.

**REQUEST NO. 4:**  All reservation of rights letters and/or agreements regarding insurance coverage for the collision.

### DRIVER

**REQUEST NO. 5:**  All documents setting forth the relationship between Lipin and SDM Transport. This includes, but is not limited to all leases, employment

contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 6:**   The contents of Lipin's driver qualification file, driver investigation file, driver history file and all documents that demonstrate compliance with federal and state driver qualification laws and regulations.   The requested documents include, but are not limited to all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto.   If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**   All documents of any kind that relate to any pre-employment background investigation of Lipin, including without limitation any investigation of Lipin's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with SDM Transport .   This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of Lipin.

**REQUEST NO. 9:**   All documents that relate in any way to you hiring Lipin.

**REQUEST NO. 10:** All documents that relate in any way to any orientation provided by SDM Transport  to Lipin.

**REQUEST NO. 11:** All documents that relate in any way to the training SDM Transport  provided to Lipin, concerning driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or

defensive driving techniques.  Please include all documents that identify when, where and who provided the training and all materials used for training.

**REQUEST NO. 12:** All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of SDM Transport  to Lipin at any time.  An answer key should also be provided.

**REQUEST NO. 13:** All documents (a) explaining how Lipin was compensated for the one month leading up to and including the date of the collision and extending one week after the date of the collision; and (b) showing any detention of wages over the same time period.

**REQUEST NO. 14:** A copy of the front and back of every driver's license issued to Lipin (regardless of name used) in your possession, custody and/or control.

**REQUEST NO. 15:** All documents placing you on notice of any violation by Lipin of any law, ordinance or regulation.  This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

**REQUEST NO. 16:** All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Lipin in your possession, custody and/or control.

**REQUEST NO. 17:** All documents relating to any violation of any safety rule or principle by Lipin at any time while working at SDM Transport

**REQUEST NO. 18:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of SDM Transport   directed to Lipin for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Lipin in any way relating to the safe operation of a

commercial vehicle.  This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:** All documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Lipin has been involved.

**REQUEST NO. 20:** All documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of Lipin. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 21:** For each communication device (e.g., cell phones, tablets, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that Lipin was operating at the time of the collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the collision and ending 48 hours after the collision.  This includes all devices, whether owned by Lipin or not, and whether it was in use at the time of the collision or not.

**REQUEST NO. 22:** All documents prepared by Lipin that describes the collision or the circumstances leading up to the collision.

**REQUEST NO. 23:** All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Lipin that has not been produced in response to the preceding Requests.

**REQUEST NO. 24:** A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Lipin in any way, that has not been produced in response to other Requests above.

<u>HOURS OF SERVICE RELATED DOCUMENTS</u>

**REQUEST NO. 25:**  A copy of all Lipin's hours of service logs and any other driving logs and/or time sheets for the period beginning eight days before the collision and ending two days following the collision.

**REQUEST NO. 26:** In addition to the documents responsive to the preceding Request, produce all documents in your possession custody or control that demonstrate what Lipin was doing for the time period beginning eight days before the collision and ending two days following the collision.   The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

a.  All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b.  All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c.  All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind

whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d. All documents evidencing any and all stops; and

e. All driver call in reports and any other documentation of any communications between you and Lipin.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MAINTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:** All audits and summaries of Lipin's hours of service covering the period beginning one year prior to the collision and ending 14 days following the collision.

### VEHICLE INFORMATION

**REQUEST NO. 28:** For the tractor involved in the      collision, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance Schedules;

e.      All documents evidencing maintenance performed on the tractor at any time within 6 months before the  collision;

f.      All documents evidencing any inspections of the tractor during the 6

months before the  collision;

g.      All documents evidencing any repairs and/or modifications to the tractor at any time within 6 months before the  collision;

h.      All documents evidencing any repairs made to the tractor as a result of the  collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the  collision; and

m.      Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:** For the trailer(s) involved in the   collision, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance and service manuals;

e.      All documents evidencing maintenance performed on the trailer at any time within 6 months before the  collision;

f.      All documents evidencing any inspections of the trailer during the 6 months before the  collision;

g.      All documents evidencing any repairs and/or modifications to the

trailer at any time within 6 months before the  collision;

h.      All documents evidencing any repairs made to the trailer as a result of the  collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the  collision; and

m.      Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:** If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the collision.

**REQUEST NO. 31:** If any data is available (whether or not downloaded or retrieved) from the trailer(s) or any part or system from the trailer(s) (e.g., event data recorder, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the subject collision.

**REQUEST NO. 32:** If the tractor at issue was equipped with a lane departure

warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 33:** All communications and transmissions between Lipin and SDM Transport  that were transmitted through any system on-board of the tractor or trailer(s) involved in the collision for the period beginning 30 days before the collision and ending seven days after the collision.  This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet and other transportation service and product providers.

**REQUEST NO. 34:** If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 35:** To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the tractor, the trailer(s) and/or anything inside or connected to any part or system of the tractor and/or trailer(s) that were involved in the collision.

**REQUEST NO. 36:** A copy of each out of service report or violation concerning the tractor and/or the trailer(s) involved in the collision from the period beginning one year prior to the collision through present.  This request includes any supplements, responses, amendments and dispositions regarding any violation.

**REQUEST NO. 37:** All documents evidencing damage to any vehicle or other property as a result of the collision, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the collision.

**REQUEST NO. 38:** Produce all documents related to any settlement for property damage, cargo losses or injuries arising out of the collision, e.g., receipt*(s),* release*(s),* demand(s), assignment*(s),* etc.

**REQUEST NO. 39:** For the tractor and trailer(s) involved in the collision, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning one month before the collision and ending one week after the collision.

**REQUEST NO. 40:** Produce all pre-trip inspection reports for the trip in question and three months prior to the date of the collision for the <u>tractor</u> and <u>trailer(s)</u>.

<u>L</u><u>OAD</u>

**REQUEST NO. 41:** All documents that relate to the load being hauled by Lipin at the time of the collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

<u>COLLISION</u>

**REQUEST NO. 42:** All documents authored by anyone working for or on behalf of SDM Transport  that set forth any facts relating to the collision.

**REQUEST NO. 43:** All  documents  assessing  causes,  preventability  and/or

avoidability of the collision.

**REQUEST NO. 44:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, electronically created charts, animations, data, photographs, video, computer simulations and any other documents depicting:

a.    Any vehicle involved in the collision;

b.    Any person involved in the collision;

c.    The scene of the collision; and/or

d.    Any evidence (roadway markings or other) relevant to the collision.

**REQUEST NO. 45:** All reports (you know what this means and it is not vague) relating to the collision including those prepared by Lipin and those prepared by anyone working for or on behalf of SDM Transport (except lawyers).

**REQUEST NO. 46:** All correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the collision.

**REQUEST NO. 47:** All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

**REQUEST NO. 48:** If an Accident Review Board or similar entity reviewed the collision, produce the following:

a.    A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

b.    A copy of all reports and documents (as defined) of any kind generated by said board or entity;

c.    Documents evidencing who was on the board;

     d.      Documents evidencing all criteria for review; and

     e.      Determination of preventability and all other conclusions reached by said board or entity.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 49:** All documents sent to or received from any governmental agency regarding the collision, the driver involved in the collision, or any that is part of the basis of this lawsuit.

**REQUEST NO. 50:** All documents and communications of any kind related to any CSA Intervention against your company in the past two years.

### POLICY AND PROCEDURES

**REQUEST NO. 51:** All SDM Transport  policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the collision, relating to:

     a.      Working for or with trucking company generally (e.g., employee manual or handbook);

     b.      Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

     c.      Operation of a commercial vehicle;

     d.      Driving safety;

     e.      Defensive driving;

     f.      Compliance with federal and state laws and regulations;

     g.      Accident investigation;

     h.      Accident review boards;

i.      Determination of preventability of accidents;

j.      Hiring, training and supervising drivers; and

k.      Disciplinary actions.

**REQUEST NO. 52:** Copies of each document that Lipin signed to prove that Lipin received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of SDM Transport

**REQUEST NO. 53:** To the degree that SDM Transport  has any rules, policies, procedures, guidelines, driving manuals, employee handbooks or manuals, or other similar documents that were not provided to Lipin before the collision, please produce them now.

**REQUEST NO. 54:** A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by SDM Transport , its personnel, agents, or employees during the year of the collision and three years prior.

**REQUEST NO. 55:** Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

<u>TRUCKING COMPANY</u>

**REQUEST NO. 56:** Copy of documents showing the hierarchy of managerial positions in the Safety Department at SDM Transport  and who occupied such positions as of the time of the collision and presently.

**REQUEST NO. 57:** A copy of each document (including articles and

presentations) prepared and/or presented by any SDM Transport representative relating to defensive driving techniques in the past five years.

**REQUEST NO. 58:** All company newsletters distributed during the period beginning two years before the collision and present.

**REQUEST NO. 59:** A copy of SDM Transport 's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 60:** Transcripts or recordings of all depositions of corporate designees for SDM Transport given in the past five years in cases where it was alleged that a driver working for SDM Transport rear ended another vehicle and thereby caused injury or death to another person.

**REQUEST NO. 61:** Copies of all documents putting any third party on notice of a claim arising from the collision

**REQUEST NO. 62:** All correspondence and other communication of any kind between you and any other Defendant to this Action.

<u>MISCELLANEOUS</u>

**REQUEST NO. 63:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

    a.      A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

    b.      A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

    c.      A copy of the entire file of said expert;

    d.      A current résumé or curriculum vitae for said expert; and

      e.     All billing records and work logs for said expert.

**REQUEST NO. 64:** All documents and other materials which support any contention that the collision was the fault of anyone other than the Defendants.

**REQUEST NO. 65:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 66:** Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the collision, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**Served with Plaintiff's Complaint**.


This 24th day of March 2021.


                                 **_/s/Jon R. Hawk, Sr._**
                                 Jon R. Hawk, Sr.
                                 Georgia Bar No. 338645
                                 Attorney for Plaintiff


Morgan & Morgan, Atlanta PLLC
230 Northside Crossing
Macon, Georgia 31210
P: 478-583-6304
F: 478-583-6327
E: jhawk@forthepeople.com

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**
THOMAS WILSON
MAR 25, 2021 08:35 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## THE SUPERIOR COURT OF BUTTS COUNTY

## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| DORI PRADO, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | **NUMBER: _____** |
| **vs.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **ROMAN LIPIN, SDM TRANSPORT, INC.** | ) | |
| **INC., AND PRIME PROPERTY &** | ) | |
| **CASUALTY INSURANCE INC.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all

Defendants in the foregoing matter with a copy of the following:

1. Plaintiff's First Request for Admissions to Defendant Roman Lipin;
2. Plaintiff's First Request for Admissions to Defendant SDM Transport, Inc.;
3. Plaintiff's First Request for Admissions to Defendant Prim Property & Casualty Insurance Inc.;
4. Plaintiff's First Interrogatories to Defendant Roman Lipin;
5. Plaintiff's First Interrogatories to SDM Transport, Inc.
6. Plaintiff's First Request for Production of Documents to Defendant Roman Lipin; and
7. Plaintiff's First Request for Production of Documents to Defendant SDM Transport, Inc.

to the Clerk of Court to be served upon Defendants, with the Summons and

Complaint for Damages at the following addresses or wherever they may be found.

Roman Lipin
1646 River Street
Des Plaines, IL 60016-8442

1

SDM Transport, Inc.
c/o Renee Lamback
7980 Errol Drive
Lithonia, Georgia 30056

Prime Property & Casualty Insurance, Inc.
8722 S. Harrison Street
Sandy, UT 84070-1420

This 24th day of March 2021.

*/s/Jon R. Hawk, Sr.*
JON R. HAWK, SR.
Georgia Bar No. 338645
Attorney for Plaintiff

Morgan & Morgan, Atlanta PLLC
230 Northside Crossing
Macon, Georgia 31210
P: 478-583-6304
F: 478-583-6327
E: jhawk@forthepeople.com

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2021-SU-V-0114**
THOMAS WILSON
MAR 31, 2021 02:22 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **DORI PRADO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | **NUMBER: 2021-SU-0114** |
| **vs.** | ) | |
| | ) | <u>**JURY TRIAL DEMANDED**</u> |
| **ROMAN LIPIN, SDM TRANSPORT, INC.** | ) | |
| **AND  PRIME PROPERTY &** | ) | |
| **CASUALTY INSURANCE INC.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST AMENDED
## <u>COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES</u>

COMES NOW Dori Prado, plaintiff, and makes and files this Plaintiff's First

Amended Complaint for Damages for Personal Injuries against the defendants Roman

Lipin, SDM Transport, Inc. and Prime Property & Casualty Insurance, Inc. as follows:

40.

Plaintiff hereby incorporates all paragraphs and averments pleaded in her

Complaint for Damages for Personal Injury.

## <u>BACKGROUND</u>

41.

On or about September 8, 2019, plaintiff was a passenger in a tractor-trailer

traveling northbound I-75 near mile marker 205 and was approaching a work zone.

42.

At about the same time, defendant Roman Lipin was driving a tractor-trailer

northbound I-75 near mile marker 205.

43.

The trailer being pulled by the defendant Roman Lipin was carrying seven automobiles.

44.

On this date, defendant Roman Lipin was operating the tractor-trailer on behalf of defendant SDM Transport, Inc.

45.

The defendant Roman Lipin was following too close in his tractor-trailer and crashed his truck into the rear of the plaintiff's vehicle.

46.

The defendant Roman Lipin was distracted because he was using his mobile phone will driving his tractor-trailer.

47.

As a result of the collision, plaintiff suffered severe and permanent injuries.

48.

The preceding paragraphs 40-47 of this amended complaint are intended to replace paragraphs 6, 7, 8 and 9 of Plaintiff's Complaint for Damages for Personal Injuries.

49.

Paragraph 12 of Plaintiff's Complaint for Damages for Personal Injuries is hereby amended as follows:

Defendant Lipin was negligent in the following manner:

a)  Following too close in violation of O.C.G.A. § 40-6-49

b) Distracted driving in violation of O.C.G.A. § 40-6-241(b)

c) Reckless driving in violation of O.C.G.A. § 40-6-390;

d) Allowing himself to be distracted by using a mobile device while driving his tractor-trailer;

e) Defendant was otherwise negligent.

WHEREFORE, plaintiff prays that she has a trial by jury on all issues and judgment against defendants as follows:

a. That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. That plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d. That plaintiff recover her reasonable attorney's fees and expenses; and

e. That plaintiff recover such other and further relief as is just and proper.

This 31st day of March 2021.

*/s/Jon R. Hawk, Sr.*

Georgia Bar No. 338645
Attorney for Plaintiff

Morgan & Morgan, Atlanta PLLC
230 Northside Crossing
Macon, Georgia 31210
P: 478-583-6304
F: 478-583-6327
E: jhawk@forthepeople.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **Plaintiff's**

**First Amended Company for Damages for Personal Injuries** via electronic service

(via PeachCourt e-filing) and/or depositing same in the United States Mail in a properly

addressed envelope with adequate postage thereon to:

Defendants Roman Lipin and SDM Transport, Inc.
c/o Shawn Kalfus
Stone Kalfus LLP
1360 Peachtree Street NE Suite 1250
Atlanta, GA 30309
shawn.kalfus@stonekalfus.com

Prime Property & Casualty Insurance, Inc.
8722 S. Harrison St.
Sandy, UT 84070-1420

This 31st day of March 2021.

**/s/ _Jon R. Hawk_**
Jon R. Hawk
Georgia Bar No. 338645
Attorney for Plaintiff

Morgan & Morgan, Atlanta, PLLC
230 Northside Crossing
Macon, Georgia 31210
P: 478-583-6304
F: 478-583-6327
E: jhawk@forthepeople.com